RECEIVED ___ LODGED
___ COPY

AUG 1 2 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

## TUCSON DIVISION

CV-25-00460-TUC-JGZ

| | |
|---|---|
| JASON ADAM JENSEN, | Case No.: CV-25-_____-TUC-_____ |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

## COMPLAINT FOR WILLFUL NEGLIGENCE, DISCRIMINATION, HARASSMENT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, Jason Adam Jensen, appearing pro se, hereby files this Complaint against Defendant Navy Federal Credit Union ("NFCU") and alleges as follows:

### I. INTRODUCTION

1. This action arises from NFCU's unlawful and repeated seizure of Plaintiff's federally protected Social Security benefits, in direct violation of federal law, and NFCU's discriminatory practices, harassment, and intentional infliction of emotional distress upon Plaintiff. Despite repeated notifications and attempts by Plaintiff to stop the unauthorized withdrawals, NFCU's automated systems and unaccommodating personnel have perpetuated a harmful and illegal financial practice.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name: NAVY FEDERAL CREDIT UNION
    Job or Title (if known):
    Street Address: 820 Follin Lane SE
    City and County: Vienna
    State and Zip Code: VA 22180
    Telephone Number:
    E-mail Address (if known):

Defendant No. 2
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

## II. PARTIES

2. Plaintiff Jason Adam Jensen is an individual residing in Tucson, Arizona, and is a recipient of Social Security benefits. Plaintiff proceeds pro se.

3. Defendant Navy Federal Credit Union is a federally chartered credit union. NFCU conducts business within the District of Arizona and is subject to this Court's jurisdiction.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under 42 U.S.C. § 407 (Social Security Act), 42 U.S.C. § 12101 et seq. (Americans with Disabilities Act), and other federal laws.

5. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant conducts business in this District.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff Jason Adam Jensen is a beneficiary of Social Security benefits, which are directly deposited into his accounts at NFCU.

7. Pursuant to 42 U.S.C. § 407, Social Security benefits are protected from assignment, transfer, execution, levy, attachment, garnishment, or other legal process. This protection extends to funds after they are deposited into a bank

account, provided they remain identifiable as Social Security funds.

8. Plaintiff maintains a savings account and a checking account with NFCU. To further protect his Social Security funds, Plaintiff regularly transfers funds from his savings account (where benefits are initially deposited) to his checking account. These funds remain identifiable as Social Security benefits.

9. NFCU issued Plaintiff a Visa credit card, account ending in 1279. The NFCU Credit Card Agreement includes a clause asserting a "security interest in all of your individual and joint share accounts at Navy Federal" as a condition of credit card use.

10. Plaintiff contends that this blanket security interest, as applied to accounts containing Social Security funds, is unlawful and unenforceable under 42 U.S.C. § 407, as Plaintiff lacks the legal authority to assign a security interest in federally protected funds.

11. Despite the protections afforded by 42 U.S.C. § 407, NFCU has repeatedly and automatically initiated transactions to withdraw funds from Plaintiff's checking account to cover alleged delinquencies on his Visa account ending in 1279.

12. These automatic withdrawals constitute an unlawful "legal process" or "assignment" of Plaintiff's protected Social Security benefits.

13. Plaintiff has repeatedly contacted NFCU to reverse these unauthorized transactions and to stop the automatic withdrawals. Each time, Plaintiff has succeeded in having the transactions reversed.

14. However, NFCU's automated system is designed to re-initiate these withdrawals,

creating a continuous and harassing cycle of unlawful seizure and manual reversal.

15. For example, on or about August 9, 2025, and August 12, 2025, Plaintiff received withdrawal notifications for $149.58 from his EveryDay Checking account ending in 9060, initiated by NFCU's system for delinquency on the Visa account. Plaintiff called that same day at 7:37 AM and had the funds returned.

16. On August 12, 2025, at approximately 6:45 AM and again at 7:26 AM (Pacific Time), Plaintiff called NFCU to address these ongoing unauthorized withdrawals.

17. During these calls, NFCU employees stated that there was "nothing they could do" to stop the automatic payments and that Plaintiff had to arrange to make a payment on the Visa account to prevent the automatic withdrawals from occurring.

18. Plaintiff experienced multiple emotional outbursts during these calls due to the absurd, hurtful, and frustrating nature of continually battling NFCU's automated system over federally protected funds.

19. Despite Plaintiff's evident distress and the nature of his "outbursts" (which were a manifestation of his disability-related stress response to this absurd and hurtful situation), NFCU agents refused to provide any accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., or to escalate the issue to a level where a human could override the automated, unlawful process.

20. NFCU's conduct demonstrates a willful disregard for federal law, a discriminatory practice against Social Security recipients, and a pattern of harassment and

intentional infliction of emotional distress.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 407 (PROHIBITION ON ASSIGNMENT OF SOCIAL SECURITY BENEFITS)

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. 42 U.S.C. § 407 prohibits the assignment, transfer, execution, levy, attachment, garnishment, or other legal process against Social Security benefits.

23. NFCU's automated and recurring withdrawals of Plaintiff's Social Security funds from his accounts constitute an unlawful "legal process" or "assignment" in violation of 42 U.S.C. § 407.

24. NFCU's continued actions, despite repeated notice from Plaintiff, demonstrate a willful and ongoing violation of federal law.

### COUNT II: DISCRIMINATION AGAINST SOCIAL SECURITY RECIPIENTS (VIOLATION OF FEDERAL ANTI-DISCRIMINATION PRINCIPLES / AMERICANS WITH DISABILITIES ACT)

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

26. NFCU's practice of imposing a blanket security interest on all accounts, coupled with its automated withdrawal system, disproportionately affects and discriminates against Social Security recipients who rely on these protected funds

for their livelihood.

27. Plaintiff contends that NFCU's actions effectively force Social Security recipients into an agreement that undermines federal protections, treating them differently and less favorably than other customers.

28. Furthermore, NFCU's refusal to provide accommodations to Plaintiff during his distress, and its agents' statements that "nothing could be done" to stop the automated, unlawful process, constitute a failure to provide reasonable accommodations for a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

## COUNT III: WILLFUL NEGLIGENCE

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30. NFCU owed a duty of care to Plaintiff, its customer, to handle his accounts and funds lawfully and ethically, and to comply with all applicable federal laws, including 42 U.S.C. § 407.

31. NFCU knew or should have known about the protections afforded to Social Security benefits under federal law.

32. NFCU acted with willful negligence by implementing and maintaining an automated system that repeatedly seizes protected funds, and by failing to provide a human-controlled mechanism to permanently stop such unlawful seizures despite repeated notice.

33. As a direct and proximate result of NFCU's willful negligence, Plaintiff has suffered

financial harm, emotional distress, and has been forced to expend time and effort to reverse unlawful transactions.

## COUNT IV: HARASSMENT

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. NFCU's repeated, automatic, and unlawful withdrawals of Plaintiff's Social Security funds, coupled with its agents' refusal to provide a solution other than making a payment on a disputed debt, constitute a pattern of harassment.

36. This conduct was intended to annoy, alarm, or cause distress to Plaintiff, or was done with reckless disregard for causing such distress.

37. As a direct and proximate result of NFCU's harassment, Plaintiff has suffered significant emotional distress and disruption to his financial well-being.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. NFCU's conduct, including but not limited to, the repeated unlawful seizure of protected funds, the maintenance of an automated system that perpetuates such seizures despite notice, the refusal of agents to offer a solution or accommodation, and the dismissive attitude towards Plaintiff's distress, was extreme and outrageous.

40. This conduct was undertaken intentionally or with reckless disregard for the

probability of causing emotional distress to Plaintiff.

41. NFCU's conduct caused severe emotional distress to Plaintiff, as evidenced by his multiple outbursts and the ongoing psychological burden of fighting the automated system.

42. Plaintiff's emotional distress was severe and beyond what a reasonable person could be expected to endure.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jason Adam Jensen respectfully requests that this Honorable Court enter judgment against Defendant Navy Federal Credit Union and grant the following relief:

a. A declaration that NFCU's security interest clause, as applied to accounts containing Social Security benefits, is unlawful and unenforceable under 42 U.S.C. § 407.

b. A permanent injunction prohibiting NFCU from automatically withdrawing or seizing any funds from Plaintiff's accounts that are traceable to Social Security benefits.

c. Actual damages in an amount to be proven at trial.

d. Punitive damages against NFCU for its willful and malicious conduct.

e. Damages for the intentional infliction of emotional distress.

f. Costs of this action.

g. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 12, 2025

Respectfully submitted,

/s/ Jason Adam Jensen

Jason Adam Jensen, Pro Se
919 N Stone Ave #5305
Tucson AZ, 85705
jasonajensen@gmail.com
402-598-1285

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work, in accordance with FRCP 11 and all applicable Local Rules.